AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Aaron Lawrence Storm | ) | Case No. |
| | ) | 4:15-mj-00137 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __02/14/2015 through 02/17/2015__ in the county of __Polk__ in the __Southern__ District of __Iowa__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2251(a) and 2256 | Sexual Exploitation of a Child/Production of Child Pornography |

This criminal complaint is based on these facts:
See affidavit, attached and incorportated by reference

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Aaron Simon, Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/12/2015

_____
Judge's signature

City and state: Des Moines, Iowa   Helen C. Adams, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF SPECIAL AGENT AARON SIMON

I, Aaron Simon, being first duly sworn on my oath, depose and state:

1. **Affiant's Background & Experience.** I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement (ICE) within the Department of Homeland Security (DHS) and have been so employed since 2010. Prior to my appointment with ICE, I was employed as a United States Postal Inspector for the previous eight years. Prior to my appointment as a Postal Inspector, I was a Trooper for the State of Iowa for seven years. Before that, I was a Police Officer for the City of Kansas City, Missouri for three years. In 2010, I attended a six-month academy at the Federal Law Enforcement Training Center, where two of the specific topics of training I received at the academy were child exploitation investigations and cyber-crimes investigations. Additionally, on March 8th and 9th, 2011, I received training in digital evidence through the National District Attorneys Association. In November 2011, I received 40 hours of specialized training on internet crimes against children investigative techniques. In February 2012, I received additional advanced training in the investigation of child pornography and the use of undercover law enforcement tools, including the Child Protection System (CPS) and ShareazaLE. In September 2012 I attended a three-day training course on the ARES P2P network and the use of ARES Roundup. I have received additional training during Postal Inspector Academy in the use of the U.S. Mails for prohibited purposes, including the mailing and receipt of obscene materials involving sexual exploitation of children as defined in Title 18, United States Code, Sections 1461 and 2252 through 2256. I was assigned from 2002 through 2005 to work child exploitation/child pornography cases on a referral basis, and was assigned to the Internet Crimes Against Children Task Force (ICAC) in Sioux Falls,

1

SD. I am currently a member of the ICAC Task Force in Des Moines, IA. Throughout my career, I have had over 3000 hours of classroom law enforcement training and over 900 hours of hands-on law enforcement training. I have investigated, been trained to investigate, or aided in the investigation of crimes involving murder, rape, robbery, customs violations, immigration violations, burglary, assaults, narcotic violations, child exploitation, mail fraud, mail theft, computer crimes, identity theft, and other violations of city, state, and federal statutes. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. **Des Moines ICAC.** I am a member of the Internet Crimes Against Children (ICAC) Task Force in Des Moines, Iowa. As a result of my involvement with the ICAC, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the production and possession of child pornography, under Chapter 110 of Title 18, United States Code.

3. **Purpose of the Affidavit.** This affidavit is made in support of a Complaint and Arrest Warrant, charging Aaron Lawrence STORM with Sexual Exploitation of a Child/Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and 2256.

4. **Sources of Information.** This affidavit is based upon information I have gained through training and experience, as well as upon information related to me by other individuals, including law enforcement officers from the Ankeny Police Department. Because this affidavit is being submitted for the limited purpose of securing a Complaint and Arrest Warrant, I have not included each and every fact known concerning this investigation and have set forth only the facts that are believed to be necessary to establish probable cause to believe that STORM has committed a

violation of Title 18, United States Code, Sections 2251(a) and 2256, Sexual Exploitation of a Child/Production of Child Pornography.

## SUMMARY OF INVESTIGATION

5. In May of 2015, I was contacted by the Ankeny Police Department in regard to assisting with a child pornography investigation against Aaron STORM.

6. On or about May 7, 2015, I spoke with Detective Lampe of the Ankeny Police Department who advised me of the following information:

7. On April 8, 2015, the Ankeny Police Department was notified by Jen Jackson of the Iowa Department of Human Services regarding the possible sexual abuse of a 15 year old boy.

8. On April 8, 2015, Ankeny Police Detectives Lampe and Mortvedt met with Jen Jackson at the South View Middle School to speak with Victim #1 (whose identity is known to me and is a 15 year old juvenile).

9. Victim #1 told detectives that for the last two months, Aaron STORM had been sexually abusing him. Victim #1 told detectives that STORM was having Victim #1 perform oral sex on him. STORM would perform oral sex on him. And STORM would have anal sex with Victim#1. Victim #1 also told detectives that STORM would have him and Victim #2 (whose identity is known to me and is a 13 year old male) "go play," which meant to go play with STORM'S dildos. Victim #1 stated STORM filmed Victim #1 and Victim #2 using the dildos on each other and videotaped them having anal sex with one another. Victim #1 told investigators that STORM used his cell phone to record the events and further described the phone as having an orange and camouflage case.

10. Victim#1 told detectives that he is the only one that has to have oral sex and anal sex with STORM because he wants to get adopted. STORM told Victim #1 that if he did not do these things, he wouldn't get adopted, and STORM will treat him like a "foster child."

11. Victim #1 stated that when STORM has anal sex with him, STORM has ejaculated in his anus. Victim #1 further stated that STORM has made both Victim #1 and Victim #2 conduct an event called the "Grande Finale," in which Victim #1 and #2 had to masturbate until they ejaculated.

12. Victim #1 described to the detectives where the dildos were kept and described their appearance (3 black, 2 purple ones with remotes, and 1 pink vibrator). Victim #1 told detectives these items would be found in STORM'S bottom drawer in his bathroom.

13. Detectives conducted a consensual interview with STORM at the school (STORM was waiting at the school when detective's arrived). STORM denied ever sexually assaulting Victim #1 or Victim #2 and denied having any dildos. STORM denied having any videos of Victim #1 or Victim #2 doing explicit sexual activities on his phone. STORM gave both verbal consent to search his phone and verbal and written consent to search his residence.

14. On April 8, 2015, Ankeny Police Detectives conducted the consent search of STORM'S residence. Items collected from the search included six (6) dildos describe by Victim #1 and in the exact location described by Victim #1. Other items were seized including a chastity belt, sexual paraphernalia, two additional smart phones, an iPad, two laptop computers, and an empty box from "Extreme Restraints" addressed to Aaron STORM with his cell phone number which had previously been provided by STORM.

15.     On April 9, 2015, Detective Lampe spoke with Justin Storm, Aaron STORM'S cousin, after being directed by Justin Storm's probation officer, Joe Swaim, to do so. Justin Storm told Detective Lampe that Aaron STORM had come to his house the previous night. Aaron STORM told Justin Storm that if police are able to get "deleted stuff" off his phone, then he does not know how he will explain it.

16.     On May 8, 2015, Iowa Division of Criminal Investigation Special Agent Michael Kircher, computer forensic agent, provided a disk to me which contained three (3) deleted videos found on the SD card in STORM'S cell phone. The three videos are as follows:

- 3:10 video of Victim #1 and Victim #2 lying on what appears to be the bathroom floor and repeatedly pushing dildos into their own anus. The video is being recorded by an unknown individual; however, the recording device moves and zooms during the video and appears to be taken by someone lying on a bed.

- :09 video of Victim #1 inserting a dildo into another boy's anus while lying on what appears to be a bathroom floor. The second boy is not identified; however, Victim #1 and previously told investigators that STORM made Victim #1 and Victim #2 do this to one another.

- 3:20 video of Victim #1 lying on what appears to be a bathroom floor while masturbating until he ejaculates.

The first video meets the federal definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2)(A)(i) and (iv) as simulated anal-genital intercourse and sadistic and masochistic abuse. The second video meets the federal definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2)(A)(i) and (iv) as simulated anal-genital intercourse and sadistic and masochistic abuse. The third video meets the federal definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2)(A)(iii) and (v) as depicting masturbation and the lascivious exhibition of the genitals.

The forensic analysis showed the deleted videos were produced between February 14 and February 17, 2015.

17. The visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, in that the cell phone was made in China.

18. On May 11, 2015, I met with an Assistant United States Attorney for the United States Attorney's Office, Southern District of Iowa, to review the forensic results provided by Special Agent Mike Kircher. After viewing all three of the foregoing video clips discovered on STORM's cell phone in the deleted files, we concurred that they constituted visual depictions of sexually explicit conduct, under Title 18, § 2256.

19. **Subject's Criminal History.** No criminal history could be located on STORM. A computer search through ILEADS by Detective Lampe found two prior cases where Aaron STORM was accused of sexually abusing a teenage male. The two cases where investigated by the Altoona Police Department in 2011 and the other was investigated by the Ankeny Police Department in 2012, both with the same juvenile male with similar circumstances as Victim #1's complaint.

20. **Summary.** The three videos fall within the Title 18, United States Code parameters for child pornography, insofar as they constitute visual depictions of minors or persons under the age of eighteen years, engaging in sexually explicit conduct, meaning actual or simulated sexual intercourse, sadistic or masochistic abuse, masturbation, and the lasciviously exhibiting of the genitals or pubic area of any person, in violation of Title 18, United States Code, Section 2251(a)(Sexual Exploitation of a Child/Production of Child Pornography).

_____
Special Agent Aaron Simon
Homeland Security Investigations

Sworn to before me and subscribed in my presence, this 12th day of May, 2015.

_____
Helen C. Adams
United States Magistrate Judge
Southern District of Iowa